IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNA JOWANNA MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-089 |
| | ) | |
| AMANDA BURNETT; TAMMY | ) | |
| GAY; JOANNA L. GREENWAY; and | ) | |
| JENKINS COUNTY DEPARTMENT | ) | |
| OF FAMILY AND CHILD SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I.  SCREENING THE COMPLAINT**

Plaintiff names as Defendants: (1) Amanda Burnett, case worker at Jenkins County Department of Child and Family Services, (2) Tammy Gay, supervisor at Jenkins County Department of Child and Family Services, (3) Joanna L. Greenway, County Director of

Screven and Jenkins County Department of Family and Child Services, and (4) Jenkins County Department of Family and Child Services ("Jenkins DFCS"). (Doc. no. 1, pp. 3-4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Citing Title VI and VIII of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment, and the Procedural Due Process Clause of the Fourteenth Amendment, Plaintiff claims Defendants violated her rights because she was unable to adopt her nephew. (Id. at 5.) In August 2019, Plaintiff learned that her brother possibly fathered a male child with a woman named Kelsey Barefield. (Id. at 7.) Since June 2019, Plaintiff's brother attempted to schedule a paternity test with Defendant Burnett, but she refused to test him. (Id.) Plaintiff contacted Defendant Burnett about the paternity testing, never received a return phone call, and submitted a formal complaint against her with Atlanta DFCAS. (Id.) In September 2019, a paternity test confirmed Plaintiff's brother was the father of the child and he told Defendant Burnett that Plaintiff was interested in adopting the child. (Id.) Defendants Burnett, Gay, and Greenway refused to provide a copy of the paternity test. (Id.)

During a court hearing in October 2019, Plaintiff requested Defendant Burnett provide her an attorney and she was never given one. (Id.) Defendants, however, gave an attorney and important adoption information to the Caucasian foster parents and child's mother. (Id. at 12-14.) In November 2019, Defendant Jenkins DFCS terminated Plaintiff's brother's parental rights, did not provide him legal representation, and Defendant Burnett admitted she provided false information to the court as to the status of unidentified paperwork. (Id. at 7-8.) Plaintiff asked Defendant Burnett why she was not considered to adopt her nephew, and Defendant Burnett told her she "did not qualify." (Id. at 8.) Defendant Burnett told her to "not dispute

the decision." (Id.)  After the hearing, Plaintiff sent multiple emails to Defendants about her interest in adopting her nephew. (Id.)

In December 2019, Talisa Hutchinson emailed Plaintiff asking if she was still interested in adopting her nephew. (Id.)  Plaintiff, believing she was not qualified to "adopt kids with Georgia DFACS," realized that Defendant Burnett lied to her. (Id.)  Plaintiff sent Ms. Hutchinson an email complaint about Defendant Burnett, which was never addressed. (Id.)

Plaintiff made another complaint against Defendants Burnett, Gay, and Greenway contending they were "retaliating against [her] because [she] made a complaint about they were treating [her] African American brother and [her]" in comparison to the "Caucasian birth mother and foster parents." (Id.)  In March 2020, Plaintiff hired attorney Edwin Wilson. (Id.)  Mr. Wilson made multiple attempts on Plaintiff's behalf to obtain her nephew's birth certificate, the parental rights termination order, and a copy of the paternity test, but they were never provided.  (Id. at 8-9.)  Samuel DeRocco told Mr. Wilson that "he did not know where [her] nephew was." (Id. at 9.)  Mr. Wilson was "continuously lied to, ignored, and misled" by Defendants Burnett, Gay, and Mr. DeRocco. (Id.)

In June 2020, Mr. Wilson informed Plaintiff that Mr. DeRocco "came up with the idea" that Defendant Gay and Plaintiff speak without attorneys. (Id.)  Plaintiff informed Defendant Gay she was "Rayon's biological aunt," and Defendant Gay told her that Rayon did not have any family and she could not adopt him because "where they are is where they are staying." (Id.)

In October 2020, Plaintiff submitted an open records request to the DHS Office of General Counsel to find information about her nephew. (Id.)  Her request was denied, and she also ended representation by Mr. Wilson because Defendants Burnett, Gay, Greenway, and

3

Mr. DeRocco "stopped communication with him." (Id.) Defendants intentionally withheld information from her that would have helped her adopt her nephew. (Id.) Without this "information," Plaintiff could not adopt her nephew or his little brother. (Id.) However, Defendants provided the necessary information to the foster parents, ensuring they would be able to adopt the siblings. (Id.)

In November 2020, Plaintiff filed a petition for adoption with the Jenkins County Superior Court and in January 2021, she filed an amended petition. (Id.) In February 2021, Plaintiff called the Atlanta Adoptions Hotline, which referred her to June Gilbert, the adoption coordinator with Jenkins DFCS. (Id. at 10.) Plaintiff then found out that Defendants Burnett, Gay, and Greenway allowed her nephew's foster family to adopt him and his little brother. (Id.) Ms. Gilbert informed Plaintiff that Defendants did not complete "Georgia state documents" and failed to "include a relative in the adoption of [her] biological nephew and his little brother." (Id.)

On March 24, 2021, Plaintiff sent a complaint to the Inspector General of the Georgia Department of Family and Child Services, which "was not resolved. (Id.) On June 25, 2021, Staff Attorney John Welch of the Ogeechee Judicial Circuit informed Plaintiff that Defendants Burnett, Gay, Greenway, and Jenkins DFCS had not consented to the adoption so it could not proceed. (Id.) Plaintiff again emailed Defendants, informing them of her complaints and intentions to pursue legal action. (Id. at 11)

In August 2021, Plaintiff contacted an investigator from the Office of Civil Rights with the Georgia Department of Health and Human Services to file a complaint. (Id.) In October 2021, Plaintiff mailed a state-required Ante-Litem notice to the Georgia Department of Family and Child Services and Georgia Department of Administrative Services, Risk Management

Services. (Id.) Both departments signed for the documents. (Id.) Defendant Jenkins DFCS refused to accept and sign for the notice, knowing that Plaintiff planned to pursue legal action against it in June 2021. (Id.) For relief, Plaintiff requests $250,000.000 for damages and to reverse the fraudulent adoption of her nephew. (Id. at 5.)

## II.     DISCUSSION

### A.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

5

assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Plaintiff Fails to State a Claim Against Defendant Jenkins DFCS

Section 1983 is not a waiver of Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 339-40 (1979). The Eleventh Amendment prohibits suit brought by an individual in federal court against a state and its agencies unless the state either consents to suit or waives its immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Eleventh Amendment immunity also extends to state officials or employees sued in an official capacity as well as to other entities properly described as "arms of the state." Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Fouche v. Jekyll Island State Park Auth., 713 F.2d 1518, 1520 (11th Cir. 1983). In determining whether a defendant is an "arm of the state" for purposes of Eleventh Amendment immunity, federal courts must examine the state law which creates and defines the particular entity. Brown v. East Central Health Dist., 752 F.2d 615, 617-18 (11th Cir. 1985).

In this case, Defendant Jenkins DFCS is not a proper party because it is a state agency. Powell v. Department of Human Res., 918 F.Supp. 1575, 1578 (S.D. Ga. 1996), aff'd, 114 F.3d

1074 (11th Cir. 1997) (holding county department of family and child services is a state agency, thus an "arm of the state" for purposes of § 1983 claims barred by Eleventh Amendment); see also Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1343 n. 3 (11th Cir. 2001) (noting county department of family and child services as branch of Georgia Department of Human Resources, a state agency).  Section 1983 only provides a cause of action for a violation of constitutional or statutory rights only by any "person" acting under color of law, however, "governmental entities that are considered arms of the State" are not persons for purposes of a Section 1983 claim.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Smith v. Crittenden, No. 1:18-CV-1083-MHC, 2018 WL 1125558, at *2 (N.D. Ga. July 11, 2018).  Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendant Jenkins DFCS.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendant Jenkins DFCS be **DISMISSED** for failure to state a claim.  In a companion Order, the Court allows Plaintiff's claims against Defendants Burnett, Gay, and Greenway to proceed.

SO REPORTED and RECOMMENDED this 13th day of September, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA